**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIA LETICIA VALENCIA,
                    *Petitioner,*

            v.

MICHAEL B. MUKASEY, Attorney
General,
                    *Respondent.*

No. 04-76571

Agency No.
A078-009-078

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 12, 2008—Pasadena, California

Filed December 4, 2008

Before: Mary M. Schroeder and Johnnie B. Rawlinson,
Circuit Judges, and Brian E. Sandoval,* District Judge.

Opinion by Judge Schroeder

---

*The Honorable Brian E. Sandoval, United States District Judge for the
District of Nevada, sitting by designation.

15927

**COUNSEL**

Sassoun Nalbandian, Valley Village, California, for petitioner
Maria Leticia Valencia.

Michele Y. F. Sarko, Washington, DC, for respondent
Michael B. Mukasey.

---

**OPINION**

SCHROEDER, Circuit Judge:

Maria Leticia Valencia appeals the Board of Immigration
Appeals' decision affirming her order of removal on the basis
of a 1984 California conviction for transporting heroin. The
only issue raised in her petition is whether the IJ was required
as a matter of due process to advise her of a "right" to apply
for asylum, even though, on the basis of the evidence pre-
sented in the record, there was no plausible basis for such an
application. We deny the petition and join the Fifth Circuit in
holding that there is no requirement that an alien be advised
of the availability of relief from deportation where there is no
apparent eligibility to receive it. *Ramirez-Osorio v. INS*, 745
F.2d 937, 938 (5th Cir. 1984).

In this case, petitioner was paroled into the United States
in 1989 in order to complete an application for adjustment of
status, but when her application for adjustment was denied in
2002, she was placed in these proceedings leading to the order
for her removal. Although she was advised of her right to
retain an attorney, and the hearing was continued more than
once in order to allow her to find one, she could not afford to
retain one, and no local legal aid attorney agreed to represent
her.

The hearing eventually went forward with Valencia repre-
senting herself. Petitioner was advised of her right to cross

examine witnesses, and submit evidence, as well as her right to be represented at no cost to the government. She submitted a packet of documents attesting to her good character and employment during the time she was in the United States. She indicated to the IJ that she chose Mexico as the country to which she would be sent if ordered removed, and she was also given an opportunity during the hearing to ask any questions about the conduct of the proceeding. She did not at any time indicate she did not understand the hearing procedures. Neither did she indicate she feared a return to Mexico, nor did she suggest a basis for any such fear. Both orally at the conclusion of the hearing and in the written order of removal, the IJ expressly found that Valencia did not appear to be eligible for any relief from removal.

On appeal to the BIA, petitioner was represented by counsel. The BIA affirmed the order of removal on the basis of her California conviction for the offense of transportation or sale of heroin and, in accordance with our caselaw, ruled that subsequent expungement of the offense had no consequence for immigration purposes. *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1174-76 (9th Cir. 2002); *Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir. 2001).

In the appeal to the BIA, Valencia also argued that the IJ should have advised her that she could apply for asylum, withholding, or relief under the Convention Against Torture. The BIA rejected this argument because under controlling regulations, the IJ has a duty to inform an alien of the availability of relief in removal proceedings only where the circumstances of the case reasonably reflect the alien's "apparent eligibility" for the particular form of relief at issue, 8 C.F.R. § 1240.11(a)(2), or where the alien expresses a fear of persecution or harm upon return to any of the countries to which the alien may be removed, *id.* § 1240.11(c)(1). At a minimum, the BIA said, the alien must express a fear of persecution or torture in the country to which the alien would be returned or articulate some theory that might support a claim.

Our court has agreed with this interpretation of the regulations. *See United States v. Barraza-Leon*, 575 F.2d 218, 222 (9th Cir. 1978) (construing 8 C.F.R. § 242.17(a), the substance of which can now be found in 8 C.F.R. § 1240.11(a)(2)).

Petitioner brings a similar argument to this court, contending that due process required the IJ to give her blanket notice of a right to apply for removal, withholding, or protection under the Convention Against Torture. She does not suggest that any change of circumstance or newly available evidence would support an application for relief at this time. She did not seek a reopening of her case by the BIA. 8 U.S.C. § 1229a(c)(7). Thus, neither in her appeal to the BIA nor in her brief to us does petitioner suggest there is any plausible basis for relief from removal.

**[1]** In rejecting a similar contention that aliens in removal proceedings are entitled to be advised of avenues for seeking relief from removal, even if there appear to be none available, the Fifth Circuit in *Ramirez-Osorio* pointed out that an alien in civil removal proceedings is not entitled to the same bundle of constitutional rights afforded defendants in criminal proceedings. 745 F.2d at 944 ("Consistent with the civil nature of the proceeding, various protections that apply in the context of a criminal trial do not apply in a deportation hearing." (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984))). Due process in any ordinary civil removal proceeding does not require an alien to make a "knowing and intelligent" waiver of any right to apply for relief from removal. *Id.* at 945. This court in *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 551, 567 (9th Cir. 1990), affirmed an injunction that required the Immigration and Naturalization Service ("INS") to give a written advisal of rights to the members of a class of Salvadoran citizens, but we did so on the basis of a demonstrated pattern and practice of abuses by the INS against members of the class. No such pattern has been suggested here. The record in this case demonstrates that the petitioner

was able to present evidence on her own behalf, to have an interpreter to assist her, and to seek legal counsel. There is no challenge to any aspect of her administrative proceedings other than the claimed failure to advise her of relief for which she was and still is apparently ineligible. There was no basis for an application for relief from removal and no due process right to be told about the possibility of filing one.

**[2]** There is one additional point we should consider. The alien in this case had been denied an adjustment of status after being paroled into this country. As the BIA explained, her status on such denial reverted by operation of law to that of an applicant for admission. 8 U.S.C. § 1182(d)(5)(A). The government in its brief points out that applicants for admission are unlike admitted aliens or aliens who are not subject to the "entry fiction," and therefore applicants for admission have virtually no constitutional rights regarding their applications. *See Landon v. Plasencia*, 459 U.S. 21, 33-34 (1982). The government understandably does not urge us to rest on that ground in rejecting petitioner's argument, however. There is no reason to limit our holding to applicants for admission and thus suggest that due process might require a different result in a case involving an alien who has effected an entry into the United States rather than one who is seeking admission in the first instance. An alien has no blanket right to be advised of the possibility of asylum or other relief in either case.

**[3]** We agree with the Fifth Circuit that requiring the IJ to advise an alien of the availability of relief for which there is no apparent eligibility would invite the filing of meritless applications. *Ramirez-Osorio*, 745 F.2d at 946. Applications for relief require often protracted evidentiary proceedings, including documents, witnesses, and evaluation of social and political conditions in a country outside of the United States. Such applications should not be encouraged where there is no reason to believe they would be anything but futile. As the Fifth Circuit observed, "[o]nce an alien is given notice of the right to petition for asylum there is considerable incentive for

him to do so, no matter how slim the chances of success, since an application may well extend deportation proceedings for years." *Id.*

The resources of the agencies charged with administration of our immigration laws are limited and severely taxed. Indeed, Congress has acted to deter the filing of applications that lack merit. If an application is deemed to be so meritless as to be "frivolous," an alien may be permanently ineligible for benefits under the Immigration and Nationality Act. 8 U.S.C. § 1158(d)(6). Thus, if an IJ were required to advise of all possible ways of obtaining relief from deportation, and if an alien, acting upon such notice, were to file a frivolous application, the application could not only add needless administrative burdens on the immigration system, but also result in a frivolousness determination that would leave the alien in a worse position than if there had been no notice. Surely due process, which at its core means fairness, cannot require such a result.

Petition DENIED.