**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVTAR SINGH; SUKHRAJ KAUR, | No. 08-71832 |
| Petitioners, | Agency Nos. A097-103-001 |
| | A097-103-002 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2012[**]
San Francisco, California

Before: TROTT and RAWLINSON, Circuit Judges, and BLOCK, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Avtar Singh and Sukhraj Kaur petition for review of a decision of the Board of Immigration Appeals ("BIA"). The arguments raised in the petition are without merit.

First, Singh and Kaur contend that the immigration judge ("IJ") coerced them into withdrawing their asylum application by (1) accepting the government's frivolous warnings into evidence after Singh testified inconsistently as to several dates and events, (2) instructing Singh and Kaur's counsel to inform Kaur of her right to seek voluntary departure instead of "implicating herself" in Singh's inconsistent testimony, and (3) making an unspecified statement off the record. It was not coercive for the IJ to make Kaur and Singh aware of the consequences of a finding that the asylum application was frivolous, *see* 8 U.S.C. § 1158(d)(6) (imposing a permanent ban on admission), and of the benefits of voluntary departure, *see id.* § 1182(a)(9)(A)(ii) (imposing a 10-year ban on admission following departure under a removal order). And we decline to infer coercion from the mere fact that an off-the-record discussion took place, especially since Singh and Kaur concede that they do not know what was said. In sum, the record does not compel the conclusion that Singh and Kaur's withdrawal of their asylum application was the result of coercion, as opposed to a tactical decision based on full disclosure and the advice of counsel. *Cf. Cano-Merida v. INS*, 311 F.3d 960, 962-65 (9th Cir. 2002).

Second, Singh and Kaur argue that the IJ violated their rights by failing to inform them that a finding that the asylum application was frivolous would not preclude them from seeking protection under the Convention Against Torture. They have not, however, identified any evidence beyond Singh's inconsistent testimony to establish the likelihood of torture, and an IJ is not obliged to inform a removable alien of relief "for which there is no apparent eligibility." *Valencia v. Mukasey*, 548 F.3d 1261, 1263-64 (9th Cir. 2008).

Third, Singh and Kaur argue that the BIA deprived them of due process by not allowing them to submit new briefs after we remanded their prior petition to determine whether they had waived their right to appeal to the BIA. *See Singh v. Gonzales*, No. 07-72262 (order dated Oct. 5, 2007). Since, however, all issues they wished to raise before the BIA were fully addressed in their original briefs, they cannot show either that they "[were] prevented from reasonably presenting [their] case," or that " the outcome of the proceeding may have been affected by the alleged violation." *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) (citation and internal quotation marks omitted).

**PETITION FOR REVIEW DENIED.**