**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUZ ANABELI ESCOBAR ENRIQUEZ, a.k.a. Luz Anabeli Escobar Enrique, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73287 <br><br> Agency No. A077-981-537 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Luz Anabeli Escobar Enriquez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") removal order.  We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review de novo claims of due process violations, *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008), and we deny the petition for review.

The BIA properly determined that the IJ did not violate Escobar Enriquez's due process rights by failing to advise her that she had a right to apply for asylum, where Escobar Enriquez never expressed a fear that she would be harmed if returned to Guatemala, the record does not otherwise suggest a basis for any such fear, and Escobar Enriquez had recently voluntarily returned to Guatemala for two weeks.  *See Valencia v. Mukasey*, 548 F.3d 1261, 1262-63 (9th Cir. 2008) (there is no requirement that an alien be advised of the availability of asylum where there is no apparent eligibility for it); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a due process claim).

**PETITION FOR REVIEW DENIED.**