**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURO GERARDO ZUNIGA-DIAZ, a.k.a. Lauro Gerardo Dias, a.k.a Lauro Gerardo Zuniga, <br><br>         Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>         Respondent. | No. 10-71904 <br><br> Agency No. A091-751-985 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Lauro Gerardo Zuniga-Diaz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order summarily affirming the

removal order of an immigration judge ("IJ"). Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008), and review for substantial evidence the IJ's factual findings, *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny the petition for review.

The IJ correctly concluded that Zuniga-Diaz's conviction under California Health & Safety Code § 11378 constitutes a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) that renders him removable and statutorily ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1227(a)(2)(B) (removability), 1229b(a)(3) (eligibility for cancellation). A modified-categorical analysis of the felony complaint, read in conjunction with the abstract of judgment, establishes that Zuniga-Diaz was convicted of possession for sale of the federally controlled substance of methamphetamine. *See Rendon*, 520 F.3d at 976 ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."); 21 C.F.R. § 1308.12(d)(2) (listing methamphetamine as a Schedule II controlled substance); *see also United States v. Leal-Vega*, 680 F.3d 1160, 1168-69 (9th Cir. 2012) (holding that a criminal complaint specifying a controlled substance, read together with other judicially noticeable documents confirming a plea to the complaint, may be sufficient under the modified-categorical analysis to establish a conviction

involving the specified substance, as long as the record of conviction contains no ambiguity concerning the substance involved).

The IJ did not err by not affording Zuniga-Diaz an opportunity to apply for withholding of removal or protection under the Convention Against Torture ("CAT") because substantial evidence supports the IJ's determination that Zuniga-Diaz did not demonstrate apparent eligibility for this relief. *See Valencia v. Mukasey*, 548 F.3d 1261, 1262 (9th Cir. 2008) (concluding that an IJ's duty to advise aliens of the availability of relief from removal does not apply "where there is no apparent eligibility to receive [relief]"). Although Zuniga-Diaz testified that he was afraid to return to Mexico, he did not express a fear of persecution or torture or articulate other grounds that might support eligibility for withholding of removal or CAT protection. *See id.* (observing that "the alien must express a fear of persecution or torture in the country to which the alien would be returned or articulate some theory that might support a claim" in order to show apparent eligibility for withholding of removal or CAT protection).

**PETITION FOR REVIEW DENIED.**