**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MARTIN-GONZALEZ, a.k.a. Carlos Vianey Gomez-Lopez, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-73302 Agency No. A095-739-975 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Luis Martin-Gonzalez, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by

8 U.S.C. § 1252. We review de novo due process claims, *Barron v. Ashcroft*, 358

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 674, 677 (9th Cir. 2004), and we review for abuse of discretion the agency's denial of a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Martin-Gonzalez's fourth request for a continuance to obtain counsel for failure to show good cause because the record shows he had already been granted three continuances over more than a year for the purpose of obtaining counsel but failed to do so. *See* 8 C.F.R. § 1003.29 (IJ may grant a motion for a continuance for good cause shown); *Ahmed*, 569 F.3d at 1012.

Martin-Gonzalez contends that the IJ violated due process by failing to thoroughly inquire into his case to determine if he qualified for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). His contention fails where the record shows that the IJ inquired into the potential relief available, and Martin-Gonzalez's responses indicated that he did not qualify for asylum, withholding of removal, or CAT as his reasons for leaving Guatemala and his fear of returning were based solely on economic reasons. *See Valencia v. Mukasey*, 548 F.3d 1261, 1262-63 (9th Cir. 2008) (there is no requirement that an alien be advised of the availability of asylum where there is no apparent eligibility

for it); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

In his opening brief, Martin-Gonzalez fails to address, and therefore has waived any challenge to, the BIA's determination that he was provided an interpreter at his hearings. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in the opening brief may be deemed waived).

We lack jurisdiction to consider Martin-Gonzalez's contention that he should be granted voluntary departure because he failed to raise this claim before the BIA, and thereby failed to exhaust his administrative remedies. *See Barron*, 358 F.3d at 678 (this court lacks jurisdiction to review claims not presented to the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-73302