FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER WILFREDO BOLANOS-MADRID, a.k.a. Elmer Wilfredo Bolanos, a.k.a. William Bolanos, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71469 <br><br> Agency No. A044-025-218 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Elmer Wilfredo Bolanos-Madrid, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's ("IJ") decision ordering him removed. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

The IJ did not err by failing to advise Bolanos-Madrid that he could apply for withholding of removal or protection under the Convention Against Torture because Bolanos-Madrid indicated he did not fear returning to El Salvador for any reason. *See Valencia v. Mukasey*, 548 F.3d 1261, 1262-63 (9th Cir. 2008) (there is no requirement that an alien be advised of the availability of relief where there is no apparent eligibility for it); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). We reject Bolanos-Madrid's contention that the IJ was required to take administrative notice of general gang violence in El Salvador and advise him of the availability of relief on this basis. Thus, Bolanos-Madrid's due process claim fails.

**PETITION FOR REVIEW DENIED.**