**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-2431 & 13-3273
_____

ANGELA FORTELLA DEMPSTER,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A039-747-501)
Immigration Judge:  Honorable Philip Verillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2014
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: May 2, 2014)
_____

OPINION
_____

PER CURIAM

Angela Dempster petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Dempster, a citizen of Jamaica, entered the United States in 1985 as a lawful

permanent resident.  In 1988 and 1989, she was convicted of three counts of retail theft

under 18 Pa. Cons. Stat. § 3929(a). She received a three-to-twenty-three-month prison sentence due to her repeat-offender status. In 2012, Dempster pleaded guilty to a third-degree misdemeanor theft charge in Montgomery County. The Government subsequently charged her with removability under 8 U.S.C. § 1227(a)(2)(A)(i)–(iii) as an aggravated felon, as a person who had committed two crimes involving moral turpitude (CIMT), and as a person who had committed one CIMT within five years of admission.

Dempster applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). After a hearing, an Immigration Judge (IJ) decided that the Government had not met its burden on the aggravated-felony charge, but he sustained the other allegations and found Dempster removable. The IJ concluded that Dempster was statutorily eligible for cancellation of removal. Later, another IJ found Dempster to merit a positive exercise of discretion and granted her cancellation of removal.

The Government appealed, however, contending that Dempster was not statutorily eligible for cancellation of removal. The BIA agreed, holding that (i) Dempster had not met her burden of showing that she had not been convicted of an aggravated felony and (ii) the shoplifting convictions had "stopped time" on her aggregate presence in the United States for the purposes of cancellation relief. Dempster filed a petition for review which was docketed at No. 13-2431. The Government filed a motion to dismiss for lack of jurisdiction.

Dempster then filed a motion to reopen and remand with the BIA alleging that the IJ failed to advise her of the availability of asylum and related relief. The BIA noted that she had not explained why she did not apply for asylum when she was before the IJ or

2

how the evidence she relied upon was previously unavailable. The BIA denied the motion, and Dempster filed a petition for review from that decision which was docketed at No. 13-3273 and consolidated with No. 13-2431.

Because Dempster is removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude, a determination she does not challenge, we lack jurisdiction over the petition for review except to the extent that she raises constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C) & (D). We exercise de novo review over the BIA's legal conclusions. Singh v. Att'y Gen., 677 F.3d 503, 508 (3d Cir. 2012).

Aggravated Felony

In order to be eligible for cancellation of removal, an alien must show, inter alia, that she has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). Because conviction of an aggravated felon is a ground for mandatory denial removal, an alien seeking a cancellation of removal bears the burden of proving that such a ground does not apply. 8 C.F.R. § 1240.8(d). Aggravated felonies include a theft offense for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(G).

As noted above, Dempster was convicted of three counts of retail theft under 18 Pa. Cons. Stat. § 3929(a). At the time of her convictions, section 3929(a) had four subparts. The BIA determined that the statute was divisible and that subparts (a)(1) through (a)(3) constituted theft offenses under §1101(a)(43)(G). Assuming arguendo that § 3929(a)(4) was not a theft offense, the BIA determined that Dempster had not shown that her convictions fell within subpart (a)(4). That subpart applies to retail thefts

3

accomplished when one "under-rings with the intention of depriving the merchant of the full retail value of the merchandise." 18 Pa. Cons. Stat. § 3929(a)(4).

In her brief, Dempster does not challenge the BIA's conclusion that three of the four subparts of § 3929(a) constitute theft offenses. She argues generally that the Government fails to explain what evidence would fulfill her burden. She contends that transcripts of guilty pleas are *typically* not available for minor retail theft offenses but does not explain what steps she took to try to obtain those transcripts or other evidence. At the merits hearing, Dempster's counsel stated, "I've gone to Montgomery County. Those are all of the record [sic] that are available. The only other thing that we could do is ask for a transcription of any guilty plea colloquies, but for minor shoplifting offenses like this, those are typically done just on the papers, and I don't even know if there is other evidence to be had." A.R. at 185-86. According to a document entitled "Trial/Plea/Sentence," there was a court reporter present when Dempster pleaded guilty on March 9, 1989. A.R. at 343. Thus, Dempster could have requested a transcription of the guilty plea colloquy. A petitioner cannot simply decline to obtain potentially available information and then argue that the record is inconclusive. It is not the Government's burden to provide guidance to Dempster as to how to meet her burden. Assuming arguendo that subsection (a)(4) is not a theft offense, Dempster has not shown that her theft convictions fell within it. The BIA did not commit legal error in determining that Dempster had not met her burden.

Continuous residence

4

Dempster also contends that she met her burden of showing seven years of continuous residence since admission. The Government asserts that her continuous residence terminated four years after her admission, pursuant to 8 U.S.C. § 1229b(d)(1), when she committed her theft offenses, which were crimes involving moral turpitude. Dempster argues that the stop-time provision is impermissibly retroactive because her theft offense was committed before the enactment of that provision. Because she has not otherwise met her burden of showing eligibility for cancellation of removal, see 8 C.F.R. § 1240.8(d), we need not reach the legal issue of whether the stop-time provision is impermissibly retroactive.

Motion to reopen or remand

We review the denial of a motion to reopen for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

In her motion to reopen, Dempster stated that after "closer review of the record," she was requesting a remand to the IJ to allow her to apply for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). A.R. at 13. She argued that she expressed a fear of returning to Jamaica in her application for cancellation of removal and that the IJ was not required to review other forms of relief once he granted her application for cancellation of removal. A.R. at 14. The BIA noted that Dempster was represented by the same counsel throughout her removal proceedings and

5

had not explained the statutory basis for her claim or why she had not applied for this relief before the IJ.

In her brief, Dempster now contends, in contrast to the arguments in her motion to reopen, that the IJ failed to identify asylum, withholding of removal, and CAT relief as available forms of relief pursuant to 8 C.F.R. § 1240.11(a)(2). That subsection provides that the IJ shall inform the alien of her "apparent eligibility" to apply for benefits. See Valencia v. Mukasey, 548 F.3d 1261, 1263 (9th Cir. 2008); see also 8 C.F.R. § 1240.11(c)(1). Dempster stated in her application for cancellation of removal that Jamaica had a lot of gangs and street violence and that she would end up dead because "they don't like when you come back broke and nothing to give away." At a hearing in September 2012 at which Dempster participated via videoconference, Dempster's counsel noted that he planned to "review with her whether or not we want to file for asylum." A.R. at 142. Because Dempster and her counsel were aware of the availability of such relief, there was no need for the IJ to inform Dempster of it. Even if she was entitled to such advice from the IJ, the asylum application Dempster submitted with her motion to reopen and remand did not contain any other evidence supporting her fear of torture or persecution on a protected ground.[1] A.R. at 27-38. The BIA did not abuse its discretion in denying her motion to reopen.

---

[1] To establish eligibility for asylum, Dempster would need to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, she would need to demonstrate that it was more likely than not that her life or freedom would be threatened in Jamaica on account of a protected ground. 8 U.S.C.

6

For the above reasons, we will deny the petition for review. The Government's motion to dismiss is denied.

---

§ 1231(b)(3)(A); <u>I.N.S. v. Stevic</u>, 467 U.S. 407, 429-30 (1984). To be eligible for withholding of removal under the CAT, she would need to demonstrate that it is more likely than not that she would be tortured if removed to Jamaica, "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).