**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1333
_____

STEVEN MENSAH-YAWSON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-401-926)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2014
Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: October 1, 2014)
_____

OPINION
_____

PER CURIAM

Steven Mensah-Yawson petitions for review of the decision of the Board of

Immigration Appeals  ("Board") dismissing his appeal of the order of removal against

him.  For the reasons that follow, we will deny the petition for review.

I.

Mensah-Yawson, a citizen of Ghana, initially entered the United States on a student visa in 2002. Although he completed his course of study in 2007, he remained in the United States. In 2010, he was convicted of conspiring to commit an offense against the United States in violation of 18 U.S.C. § 371. The offense underlying his conviction was a conspiracy to make, utter, and possess counterfeit securities in violation of 18 U.S.C. § 513(a). The United States District Court for the Western District of Pennsylvania sentenced him to time served and ordered him to pay $43,645.98 in restitution to a number of identified victims.[1]

Shortly thereafter, but while his direct appeal was pending, Mensah-Yawson was served with a notice to appear charging him as removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for being a nonimmigrant who entered the United States and remained longer than permitted. He conceded removability as charged and sought cancellation of removal and voluntary departure. After his criminal conviction became final, however, the Department of Homeland Security ("DHS") served Mensah-Yawson with a Notice of Intent to Issue a Final Administrative Removal Order based on his conviction of an aggravated felony defined in 8 U.S.C. § 1101(a)(43)(U). The DHS also sought to terminate his removal proceedings so that it could place him in administrative removal, and the Immigration Judge ("IJ") granted DHS's motion.

---

[1] We affirmed his conviction and sentence on direct appeal in United States v. Mensah-Yawson, 489 F. App'x 606 (3d Cir. 2012).

2

The DHS then filed a new notice to appear, charging Mensah-Yawson as removable pursuant to the following sections: (1) 8 U.S.C. § 1227(a)(2)(A)(iii) as a person who after admission was convicted of an aggravated felony defined in 8 U.S.C. § 1101(a)(43)(M); (2) 8 U.S.C.§ 1227(a)(1)(B) as a nonimmigrant who remained in the United States for a time longer than permitted; (3) 8 U.S.C. § 1227(a)(1)(C)(i) as a nonimmigrant who failed to maintain or comply with the conditions of the nonimmigrant status under which he was admitted; and (4) 8 U.S.C. § 1227(a)(2)(A)(iii) as a person who after admission was convicted of an aggravated felony defined in 8 U.S.C. § 1101(a)(43)(U). The DHS later filed additional charges, asserting that Mensah-Yawson was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony at any time after admission, and pursuant to 8 U.S.C. § 1227(a)(2)(A)(i)(I) as an alien who has been convicted of a crime involving moral turpitude ("CIMT") committed within five years after the date of admission. Mensah-Yawson denied the aggravated felony and CIMT charges, but conceded removability under §§ 1227(a)(1)(B) and (a)(1)(C)(i). Through his attorney, he also conceded that he was not eligible for special rule cancellation of removal, asylum, withholding or removal, or relief under the Convention Against Torture ("CAT"). However, he sought a continuance so that he could file a Form I-360 petition based on his previous marriage to an abusive United States citizen spouse. After his I-360 petition was denied by the United States Citizenship and Immigration Services ("USCIS"), Mensah-Yawson sought

3

a further continuance so that he could appeal the USCIS's decision. However, the IJ

denied his request, sustained the charges, and ordered his removal to Ghana.

In his appeal to the Board, Mensah-Yawson argued that his conviction was not for

an aggravated felony or a crime involving moral turpitude, that he received ineffective

assistance of counsel during his removal hearings, that the IJ erred in denying a

continuance to allow him to appeal the denial of his I-360 petition, that he was eligible

for special rule cancellation, and that the IJ violated his procedural due process rights.

The Board first determined that Mensah-Yawson had not demonstrated compliance with

Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), in bringing his ineffective assistance

of counsel claim. The Board next applied the "modified categorical approach" to

determine that his conviction was for an aggravated felony involving fraud or deceit and

a loss to the victims in excess of $10,000.00, and it therefore affirmed the IJ's decision

that Mensah-Yawson was removable as an alien convicted of aggravated felonies under 8

U.S.C. § 1101(a)(43)(M)(i) and (U). Perplexingly, the Board also stated that it was

affirming the IJ's finding that Mensah-Yawson was removable as an aggravated felon

under 8 U.S.C. 1101(a)(43)(R).[2] The Board also concluded that he had not demonstrated

---

[2] The DHS acknowledges in its brief that Mensah-Yawson was not charged under
subsection (a)(43)(R), and that the Board's finding in that regard is not a sufficient basis
on which to affirm the order of removal. Because we deny the petition for review on the
other grounds stated in the Board's order, we conclude that the Board's error in finding
Mensah-Yawson removable under § 1101(a)(43)(R) was harmless. See Yuan v. Att'y
Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("[W]e will view an error as harmless and not
necessitating a remand to the BIA when it is highly probable that the error did not affect
the outcome of the case.").

good cause for receiving a continuance, and it affirmed the IJ's determination that, as an aggravated felon, Mensah-Yawson was not eligible for special rule cancellation. Lastly, the Board determined that Mensah-Yawson had discussed his potential asylum, withholding of removal, and CAT claims with his attorney and decided to waive them. Accordingly, the Board dismissed his appeal.

Mensah-Yawson, pro se, petitions for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review only the Board's disposition except to the extent that the Board's order defers to the IJ's ruling. See Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). In a case where the petitioner's removal order is based on a conviction of a controlled substance offense or an aggravated felony, our jurisdiction is limited to the review of constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Green v. Att'y Gen., 694 F.3d 503, 506 (3d Cir. 2012).

Mensah-Yawson first contests the Board's determination that he was convicted of an aggravated felony as defined in § 1101(a)(43)(M)(i), which covers offenses involving fraud or deceit in which the loss to the victims exceeded $10,000.00. This is a question of law over which we have jurisdiction. See 8 U.S.C. § 1252(a)(2)(D). Generally, when determining whether an alien's conviction constitutes an aggravated felony, the court may look only to the statutory definition of the offense and may not consider the particular facts underlying a conviction. Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d

5

Cir. 2004). There is an exception to this so-called categorical approach, permitting a court to look beyond the face of the statute to charging documents, when "some but not all" convictions under a statute would satisfy the requirements of an aggravated felony. See id. at 160-62.

Mensah-Yawson was convicted under 18 U.S.C. § 371, for having conspired to commit an offense against the United States. Section 371 creates a single conspiracy offense that can be committed in two different ways, United States v. Rigas, 605 F.3d 194, 208-09 (3d Cir. 2010), including "(1) conspiracy to commit a substantive offense proscribed by another statute (the 'offense clause'); and (2) conspiracy to defraud the United States (the 'defraud clause')," United States v. Alston, 77 F.3d 713, 718 (3d Cir. 1996) (internal quotation marks omitted). Mensah-Yawson was convicted under the "offense clause" for conspiring to violate 18 U.S.C. § 513(a), which criminalizes making, uttering, and possessing counterfeit securities, and is an offense involving fraud or deceit. See Conteh v. Gonzales, 461 F.3d 45, 60 (1st Cir. 2006), cert. denied, 551 U.S. 1148 (2007). As demonstrated by his criminal restitution order, his offense involved a loss to the victims of $43,645.98, which is greater than the threshold amount for an offense to qualify as an aggravated felony under § 1101(a)(43)(M)(i). See Nijhawan v. Att'y Gen., 557 U.S. 29, 42-43 (2009). Accordingly, we agree with the Board that Mensah-Yawson was convicted of an aggravated felony as defined in § 1101(a)(43)(M)(i). Additionally, because he was convicted of a conspiracy, Mensah-Yawson is removable under

§ 1101(a)(43)(U). See Al-Sharif v. U.S. Citizenship and Immigration Serv., 734 F.3d 207, 210 n.3 (3d Cir. 2013).

Mensah-Yawson also argues that the IJ violated his due process rights by failing to inform him of his right to apply for relief under the CAT. This is a constitutional claim over which we have jurisdiction. See 8 U.S.C. § 1252(a)(2)(D). While an alien in removal proceedings generally has a due process right to be notified of the availability of CAT relief, see Valencia v. Mukasey, 548 F.3d 1261, 1263 (9th Cir. 2008), there was no violation here, as the record did not demonstrate Mensah-Yawson's "apparent eligibility" for such relief and, in any case, he was already aware of its availability, see United States v. Lopez-Velasquez, 629 F.3d 894, 896 (9th Cir. 2010) (en banc).

He also claims that the IJ violated his due process rights by denying his request for a continuance to appeal the denial of his I-360 application. As "[t]he denial of a motion for a continuance is discretionary," we do not have jurisdiction over this claim. Rachak v. Att'y Gen., 734 F.3d 214, 216-17 (3d Cir. 2013). Finally, we lack jurisdiction to review Mensah-Yawson's remaining due process and legal claims, as they are not colorable.[3] See Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006) (citing 8

---

[3] These claims included the following: (1) that the DHS did not have the authority to "compel" the IJ to terminate his initial removal proceedings; (2) the "change of venue" policy was violated; (3) there were inconsistencies in the rulings issued by the IJ's in Cleveland, Ohio, and in York, Pennsylvania; (4) the Board denied him additional time to file a brief; (5) the Board denied him access to his complete transcript; and (6) the Board denied him the opportunity to file a reply to the DHS's brief. None of these claims are supported by the record or have arguable legal merit.

7

U.S.C. § 1252(a)(2)(D)); see also Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) ("To determine whether a claim is colorable, we ask whether it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (internal quotation marks omitted).[4]

Accordingly, we will deny the petition for review.

---

[4] Although Mensah-Yawson also claims that the Board erred in finding him removable as an alien convicted of a crime involving moral turpitude, the Board declined to make such a finding and it is not a basis for Mensah-Yawson's removal order.