**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE MARIO MOSCOSO-CASTELLANOS,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-72693<br><br>Agency No. A095-663-275<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015[**]
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,[***] Chief
District Judge.

Jorge Mario Moscoso-Castellanos, a native and citizen of Guatemala,

petitions for review of an adverse decision of the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United District Judge for the
District of Minnesota, sitting by designation.

("BIA"). We review de novo the BIA's legal determinations and for substantial evidence the BIA's factual determinations. Khudaverdyan v. Holder, 778 F.3d 1101, 1105 (9th Cir. 2015). We dismiss the petition in part and deny it in part.

1. As explained in the published opinion filed this date, the BIA properly ruled that Petitioner failed to demonstrate 10 years of continuous physical presence. Thus, he is statutorily ineligible for cancellation of removal.

2. The BIA properly found Petitioner statutorily ineligible to adjust his status to that of lawful permanent resident on the basis of his wife's purported eligibility to adjust her status through an approved labor certification. Petitioner's lawyer conceded to the immigration judge ("IJ") that the labor certification application on which Petitioner relies originally was filed to benefit another employee, and the only document in the record connecting Petitioner's wife to the application was filed in 2005. Petitioner's wife (and, through her, Petitioner) thus cannot benefit from the priority date of that application because a federal regulation limits the benefit of a "grandfathered" priority date under 8 C.F.R. § 245.10(a)(3) to the person "who was the beneficiary of the application for the labor certification on or before April 30, 2001," id. § 1245.10(j).

3. The BIA properly ruled that the IJ did not have to explain to Petitioner that he might be eligible for asylum relief or protection under the Convention

2

Against Torture. In 11 immigration hearings over a period of several years, Petitioner—who was represented by counsel at each of the hearings—never expressed any fear whatsoever of returning to Guatemala. Petitioner therefore showed no "apparent eligibility" for these forms of relief. Valencia v. Mukasey, 548 F.3d 1261, 1262 (9th Cir. 2008).

4. Issues pertaining to Petitioner's request for prosecutorial discretion are unexhausted, so we lack jurisdiction to consider them. 8 U.S.C. § 1252(d)(1); see also Vilchiz-Soto v. Holder, 688 F.3d 642, 644 (9th Cir. 2012) (order) (holding that we lack discretion to review discretionary, quasi-prosecutorial decisions to adjudicate cases).

**Petition DISMISSED in part and DENIED in part.**