**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONY ARMANDO GOMEZ-FUENTES, AKA Fredy Rodas-Dominguez<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   14-73475<br><br>Agency No. A206-408-440<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Rony Armando Gomez-Fuentes, native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") order of removal and denying his

motion to remand.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

de novo claims of due process violations, *Cruz Rendon v. Holder,* 603 F.3d 1104, 1109 (9th Cir. 2010), and we review for abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We reject Gomez-Fuentes' contentions that the IJ violated his due process rights by failing to advise him of various forms of relief. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *Valencia v. Mukasey,* 548 F.3d 1261, 1262-63 (9th Cir. 2008) (there is no requirement that an alien be advised of the availability of relief where there is no apparent eligibility for it).

The BIA did not abuse its discretion in denying Gomez-Fuentes' motion for a remand because he did not establish prima facie eligibility for the relief he sought. *See Romero-Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal quotation and citation omitted).

Finally, Gomez-Fuentes' challenge to the agency's bond determination is not properly before us, *see Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011) (setting forth procedure for challenging bond determinations), and we lack

14-73475

jurisdiction to consider Gomez-Fuentes' right-to-counsel contention because he failed to raise it to the BIA, *see Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**