**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DOE,

Defendant - Appellant.

No. 15-50263

D.C. No.
2:13-cr-00470-JAK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 29, 2016[**]
Pasadena, California

Before: TASHIMA, SILVERMAN, and WATFORD, Circuit Judges.

John Doe appeals from his conviction for attempted reentry by a removed

alien. We conclude that his collateral attack on the underlying removal order lacks

merit and therefore affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Doe was not deprived of due process in his prior removal proceedings, given the circumstances there. Group removal hearings are not unconstitutional in and of themselves. *United States v. Nicholas-Armenta*, 763 F.2d 1089, 1091 (9th Cir. 1985). Doe's sole contention is that the immigration judge should have advised him how to present sensitive information concerning his eligibility for relief without disclosing it to the group. However, the immigration judge twice asked Doe if he had any fear of returning to his designated country of removal, and Doe affirmed both times that he had no such fear. *Cf. Valencia v. Mukasey*, 548 F.3d 1261, 1262–63 (9th Cir. 2008) (reasoning that the respondent must at least express fear of returning to the country of removal in order to trigger the immigration judge's duty to advise of eligibility for relief). The immigration judge had no reason to doubt Doe's answer and had no indication otherwise of Doe's alleged need to present information to him privately. We thus cannot say that the judge's failure to advise Doe how to do so was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (citations omitted).

Because we hold that Doe was not entitled to this advisal, we need not address whether he was prejudiced by its absence.

**AFFIRMED.**