**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVIA NIETO-CRUZ, AKA Silvia Rodriguez-Garcia, | No. 15-73769 |
| Petitioner, | Agency No. A206-266-058 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]
San Francisco, California

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concluded this case was suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Deborah A. Batts, United States District Judge for the
Southern District of New York, sitting by designation.

Silvia Nieto-Cruz, a native and citizen of Mexico, petitions for review of the order by the Board of Immigration Appeals ("BIA"), dismissing her appeal from an immigration judge's ("IJ") denial of cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.      The IJ did not deprive Nieto-Cruz of her due process rights by (A) failing to adequately develop the record to determine Nieto-Cruz's eligibility for relief from removal or (B) failing to allow Nieto-Cruz to present evidence establishing her eligibility for special rule cancellation.

A.      The BIA correctly concluded that the IJ properly developed the record such that her due process rights were not violated. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002). Although Nieto-Cruz claims that the IJ violated her due process rights by failing to develop the record of her past or future persecution, she never expressed fear of harm or persecution if she returned to Mexico.[1] The regulations only require an IJ inform an alien of asylum "[i]f the alien expresses fear of persecution or harm." 8 C.F.R. § 1240.11(c)(1). Further, we do not require that the IJ "advise of all possible ways of obtaining relief from deportation," absent

_____

[1] Although Nieto-Cruz argued that the IJ should have explored a potential asylum claim based on her comments about her family, Nieto-Cruz did not make any assertions that her family would harm her if returned to Mexico. Thus, even if the IJ did err, there was no prejudice. *See Jacinto v. INS*, 208 F.3d 725, 727-28 (9th Cir. 2000).

Nieto-Cruz "express[ing] a fear of persecution or torture" in Mexico or "articulat[ing] some theory that might support a claim." *Valencia v. Mukasey*, 548 F.3d 1261, 1262, 1264 (9th Cir. 2008).

B. The BIA correctly concluded that the IJ did not violate Nieto-Cruz's due process rights by failing to provide her an opportunity to establish her eligibility for special rule cancellation of removal. At the hearing, the IJ made it clear that, without any proof of status, her claims could not be sustained. Nieto-Cruz's statement can reasonably be understood to confirm that her ex-husband had no status. Further, Nieto-Cruz did not suggest that she could provide any evidence that her ex-husband was either a United States citizen or a legal permanent resident. Nor did she provide any evidence to the BIA that she was prejudiced by the IJ's failure to allow her to gather such information. Absent some evidence of prejudice, Nieto-Cruz cannot establish that her due process rights were violated. *Jacinto*, 208 F.3d at 728.

2. The BIA did not abuse its discretion in denying Nieto-Cruz's request for remand to apply for asylum. The IJ properly found that Nieto-Cruz did not have a claim for asylum, because she did not claim a fear of harm if she returned to Mexico. To the extent that she now claims a fear of persecution, the BIA did not abuse its discretion in concluding that the evidence submitted was available at the

prior hearing, *see* 8 C.F.R. § 1003.2(c)(3)(ii), and that she had not established a prima facie claim for relief, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (noting "returning Mexicans from the United States" is "too broad" to qualify as a particular social group).

**PETITION FOR REVIEW DENIED.**