**NOT FOR PUBLICATION**

**FILED**

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROGELIO MENDEZ HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-73099

Agency No. A200-975-972

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2019[**]
Pasadena, California

Before: N. R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,[***] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Rogelio Mendez Hernandez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of an immigration judge ("IJ"), which decision denied his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1). We review alleged due process violations in deportation proceedings *de novo*. *See Jacinto v. INS*, 208 F.3d 725, 727 (9th Cir. 2000).

**1.** Petitioner contends on appeal that the IJ violated his due process rights by, *inter alia*, failing to explain the relevant hearing procedures necessary for him to effectively present his case, and not inquiring into forms of relief, such as asylum, for which he may have been eligible. The BIA rejected these contentions. We agree with the BIA, for the reasons that follow.

The Fifth Amendment "guarantees that individuals subject to deportation proceedings receive due process," which "requires that an alien receive a full and fair hearing." *Jacinto*, 208 F.3d at 727. Because aliens appearing pro se may be unfamiliar with immigration law, "it is the IJ's duty to fully develop the record," to "adequately explain the hearing procedures," and to "conscientiously probe into, inquire of, and explore for all the relevant facts." *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (quotation marks omitted). However, "[a]n alien has no blanket right to be advised of the possibility of asylum or other relief," except where the facts at hand reasonably reflect the alien's apparent eligibility for the particular form

2

of relief at issue. *Valencia v. Mukasey*, 548 F.3d 1261, 1262-63 (9th Cir. 2008); *see* 8 C.F.R. § 1240.11(a)(2); 8 C.F.R. § 1240.11(c)(1). Due process analysis vis-à-vis the IJ's explanation of the relevant procedures is guided in part by the IJ's responsiveness "to the particular circumstances of the case." *Agyeman*, 296 F.3d at 884.

Here, the IJ adequately explained the relevant procedures. The IJ informed petitioner that he had a right to self-representation; that he would have nearly two months to find a replacement attorney after the withdrawal of his first lawyer, and to this end should refer to a list of legal aid lawyers (provided by the IJ); that his children need not testify because testifying at their young age could be traumatic; that his wife was permitted to, but need not, testify; that he could bring witnesses to the hearing to testify about anything positive in petitioner's past in order to shed light on petitioner's criminal history; that he could bring any documents he would like the IJ to consider; and that the IJ, at the hearing, would ask petitioner questions about his application in order to bring out his story.

As to the "particular circumstances" presented here, we are mindful of the fact that petitioner was represented by counsel for almost two years prior to his removal hearing, and that his original counsel withdrew due to petitioner's own failure to attend several scheduled meetings. Prior to withdrawal, this same counsel submitted close to 200 pages of evidence in support of petitioner's eligibility for cancellation

3

of removal, which evidence tracked the statutory requirements of 8 U.S.C. § 1229b(b)(1). These facts undercut petitioner's claim to have been abandoned by his initial counsel and the suggestion that petitioner was left to fend entirely for himself in presenting his case.

Further, we note that the IJ did not rely exclusively on the proofs submitted by petitioner's former counsel, but instead fulfilled the IJ's duty to probe all the relevant facts. The IJ questioned petitioner at length about the chronology of his comings and goings to and from the United States, about the extent of any hardship that would befall his family upon removal, and about facts pertinent to petitioner's moral character.

**2.** Petitioner also repeats on this appeal, albeit briefly, his argument to the BIA that the IJ should have instructed him as to his potential eligibility for asylum and developed the facts necessary to petitioner's pursuit of such relief. However, the record is devoid of any indication that petitioner feared returning to his home country or that he was somehow otherwise eligible for asylum relief. *See, e.g., Valencia*, 548 F.3d at 1263 ("[T]o advise an alien of the availability of relief for which there is no apparent eligibility would invite the filing of meritless applications.").

**3.** Finally, we decline to reach petitioner's other arguments, because they were not raised before the BIA.[1] Petitioner claims on appeal that the IJ (1) erred in finding that he satisfied neither the ten-year physical presence requirement nor the hardship requirement of § 1229b(b)(1); (2) deprived him of due process by failing to develop the record as to the presence and hardship requirements; (3) acted with bias in not allowing him more time to obtain a new attorney after prior counsel withdrew; and (4) delegated its fact-finding role to the government at his removal hearing. These claims are nowhere to be found in his brief submitted to the BIA. We therefore lack jurisdiction over these arguments, whatever their potential validity. *See Vargas v. U.S. Dept. of Immigration & Naturalization*, 831 F.2d 906, 907-08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed."); *Agyeman*, 296 F.3d at 877 ("The exhaustion requirement applies to claims that an

---

[1] Some of the issues raised in petitioner's opening brief were deemed waived by the BIA (whereas others were raised for the first time on appeal), because he failed to challenge the IJ's determination. The government observes that there is ambiguity in our case law as to standard of review applicable to BIA findings of waiver. *See* Resp. Br. at 14-17. We need not resolve this issue here, however, because even reviewed *de novo*, the BIA was correct in its findings of waiver.

alien was denied a full and fair hearing.") (quotation marks omitted); 8 U.S.C. § 1252(d)(1).

In sum, we conclude that the IJ did not violate petitioner's due process rights. The cases to which petitioner seeks to analogize involved gross breaches of the applicant's right to a fair hearing and are distinguishable. *See, e.g., Tawadrus v. Ashcroft*, 364 F.3d 1099, 1105-06 & n.7 (9th Cir. 2004) (pro se alien was not informed of his right to counsel and was then given a "mere two hours" to prepare his asylum claim for a hearing at which he (a) was not provided with an opportunity to explain "perceived inconsistencies" in his testimony "leading to the IJ's adverse credibility determination," and (b) lacked expertise to know to question the reliability of dubious government evidence); *Jacinto*, 208 F.3d at 728 (hearing found to be unfair due to, *inter alia*, IJ failing to explain to petitioner that she could present her own affirmative testimony and also failing to provide petitioner an opportunity to respond to the government's cross-examination); *Agyeman*, 296 F.3d at 877 (IJ incorrectly advised petitioner of the law and the manner in which petitioner needed to support his application).

**PETITION DENIED.**