NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIA IZAMAR SIMEON-HERNANDEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-72398 <br><br> Agency Nos. A206-884-496 <br> A206-884-497 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Dania Izamar Simeon-Hernandez and her minor child, natives and citizens

of Honduras, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") decision ordering their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, petitioners' request for oral argument is denied.

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law and claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

Petitioners' contentions that the agency erred and violated their right to due process by not advising petitioners of the availability of asylum, withholding of removal, and CAT relief fail where petitioners did not demonstrate apparent eligibility for those forms of relief.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error required to prevail on a due process claim); *see also Valencia v. Mukasey*, 548 F.3d 1261, 1262-63 (9th Cir. 2008) (there is no requirement that a noncitizen be advised of the availability of relief where there is no apparent eligibility for it).  We reject as unsupported by the record petitioners' contentions that the agency erred in analyzing their apparent eligibility for relief.

We do not consider the materials referenced in the opening brief that are outside the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**